JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar Number 13575
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
 (702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:24-cr-00064-RFB-EJY |
| Plaintiff, | **Stipulation for a Protective Order** |
| vs. | |
| KEFER FUNCHES,<br>    aka "Swole," | |
| CALVIN BRYANT,<br>    aka "Cal," | |
| ROBERT PERROT, | |
| TYRONE PATTERSON,<br>    aka "Ty," | |
| GINNY HARRIS, | |
| WILLIAM BERNSTEIN,<br>    aka "Will," | |
| DERON GRINAGE, | |
| UNIQUE BEAUFORD, | |
| and | |
| JENNIFER MCQUAIG, | |
| Defendants. | |

1

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to, KEFER FUNCHES, CALVIN BRYANT, ROBERT PERROT, TYRONE PATTERSON, GINNY HARRIS, WILLIAM BERNSTEIN, DERON GRINAGE, UNIQUE BEAUFORD, and JENNIFER MCQUAIG (the defendants), the public, or any third party not directly related to this case, any and all unredacted discovery (the "Protected Material") in this case. The parties state as follows:

1. On April 2, 2024, a grand jury returned an indictment charging the defendants with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), and (b)(1)(B)(ii), Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(ii), Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h), and aiding and abetting in violation of 18 U.S.C. § 2. ECF No. 1.

2. The trial date is currently set for September 9, 2024. ECF Nos. 80, 82.

3. The government has discovery derived from communications intercepted pursuant to Court Order. The government recently received an order unsealing those intercepted communications. However, the communications are voluminous, and personal identifying information is likely contained within multiple wire or electronic communications (the Protected Material). The government believes that redacting all personal identifying information from the Protected Material would require an enormous expenditure of resources and will delay the production of this discovery.

4. In order to prevent dissemination of the Protected Material, the parties intend to restrict access to the Protected Material in this case to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing the attorneys' duties in the prosecution or defense of this case, including

2

investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals"). The defendants shall not obtain a copy of the Protected Material. The defendants may, however, review the Protected Material in the presence of their attorneys.

5. Without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Material in this case or permit dissemination of the Protected Material at the Southern Nevada Detention Center jail facility, or any other detention facility where the Defendants are housed, to include leaving a copy of the Protected Material at any detention facility where the Defendants are housed;

    b. allow any other person to watch, listen, or otherwise review the Protected Material;

    c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any superseding indictment arising out of this case; or

    d. attach the Protected Material, a transcript derived from the Protected Material, or any quotations from the Protected Material that contains personal identifying information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

6. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice. If the defendants proceed to trial or any evidentiary hearing, the parties will confer to determine whether the terms of this stipulation should be revisited.

7. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8. The defendants hereby stipulate to this protective order.

DATED this June 27th, 2024.

Respectfully submitted,

For the United States:

JASON M. FRIERSON
United States Attorney

/s/ Steven J. Rose
STEVEN J. ROSE
Assistant United States Attorney

For the Defense:

/s/ Kathleen Bliss
KATHLEEN BLISS
Attorney for Defendant FUNCHES

RENE L. VALLADARES
Federal Public Defender

/s/ Raquel Lazo
RAQUEL LAZO
Assistant Federal Public Defender and
Attorneys for Defendant BRYANT

/s/ Abel Yanez
ABEL YANEZ
Attorney for Defendant PERROT

/s/ William Brown
WILLIAM BROWN
Attorney for Defendant PATTERSON

/s/ Lauria Lynch-German
LAURIA LYNCH-GERMAN
Attorney for Defendant HARRIS

1
2                 /s/ Carl Arnold
                CARL ARNOLD
3                 Attorney for Defendant BERNSTEIN

4                 /s/ Kendall Stone
                KENDALL STONE
5                 Attorney for Defendant GRINAGE

6                 /s/ Thomas Ericsson
                THOMAS ERICSSON
7                 Attorney for Defendant BEAUFORD

8                 /s/ David Brown
                DAVID BROWN
9                 Attorney for Defendant MCQUAIG

10

11 **IT IS SO ORDERED:**

12
   _[signature]_                           June 28, 2024
13 HONORABLE ELAYNA J. YOUCHAH       Date
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24