# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:24-CR-064-RFB-EJY |
|---|---|
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| CALVIN BRYANT, aka "Cal," | |
| Defendant. | |

This Court finds Calvin Bryant, aka "Cal," pled guilty to Counts One and Five of a Five-Count Criminal Indictment charging him in Count One with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 and in Count Five with conspiracy to money launder in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. ___; Amended Plea Agreement, ECF No. ___.

This Court finds Calvin Bryant, aka "Cal," agreed to the forfeiture of the property set forth in the Amended Plea Agreement, Forfeiture Allegations One and Three of the Amended Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Amended Bill of Particulars, ECF No. 174; Change of Plea, ECF No. ___; Amended Plea Agreement, ECF No. ___.

This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Amended Plea Agreement, Forfeiture Allegations One and Three of the Amended Bill of Particulars, and the Forfeiture Allegations of the Criminal Indictment and the offenses to which Calvin Bryant, aka "Cal," pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(A), and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846; (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846; (5) any property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h), or any property traceable to such property; (6) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), specified unlawful activities as defined in 18 U.S.C. § 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1956(h), conspiracy to commit such offenses; and (7) any property, real or personal, involved in a violation of 18 U.S.C. § 1956(a)(1)(A)(i) or 1956(a)(1)(B)(i) and 18 U.S.C. § 1956(h), or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), 853(a)(2), and 853(p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(A) with 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1):

1. $66,490 in US Currency (property), to be collected between the codefendants and is not to exceed $66,490 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

  This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Calvin Bryant, aka "Cal," in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official

internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED  5/1/25 , 2025.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE